UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                                    Case No. 14-31858-RBR
                                                                                          Chapter 7
EDUARDO R. AFRICANO,

       Debtor.
_____/

### TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT WITH DEBTOR AND RELATED PARTIES

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be cancelled.**

Kenneth A. Welt, the Chapter 7 Trustee (the *"Trustee"*) for the bankruptcy estate of Eduardo R. Africano (the *"Debtor"*), by and through undersigned counsel, and pursuant to *Fed. R. Bankr. P. 9019*, seeks an Order from this Court approving a settlement of certain disputes between the Trustee and the Debtor. In support of this relief, the Trustee states the following:

### I. Background

A. *The Debtor*

1. On September 30, 2014, the Debtor, Eduardo R. Africano (the *"Debtor"*) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Subsequently, Kenneth A. Welt was appointed as the Chapter 7 Trustee.

B. *The Wells Fargo Account Dispute*

2. The Debtor scheduled an interest in a Fidelity Investments Retirement Account (the *"IRA"*), which the Debtor claims as exempt. The Debtor claims that some time after

preparing his schedules, but before filing the petition, the debtor took a distribution of the majority of the funds in the IRA, and placed them into two newly created accounts with Wells Fargo (the **"WF Accounts"**). Upon filing the Petition, Wells Fargo froze the WF Accounts, and transferred its balance (approximately $62,000.00) to the Trustee. The Debtor argues that the proceeds of the WF Accounts retain their exempt character, while the Trustee argues that the amounts frozen are non-exempt property of the Estate. This led to a global settlement as to the Debtor's exemptions.

## II. Settlement Terms

3.      The terms of the settlement between the parties (the "*Settlement*") are the following:[1] the Trustee shall retain $31,000.00 of the amounts frozen from the WF Accounts. The remaining amounts frozen by Wells Fargo will be returned to the Debtor within seven days from the date the order of the Bankruptcy Court approving this Motion becomes final and nonappealable, with each party to bear their own attorneys' fees and costs relating to the Settlement. The Trustee shall abandon any interest the Estate may have in the non-exempt property of the Debtor, and shall release the Debtor[2] from all claims, but shall not release any causes of action the Estate may have against any party, other than the Debtor and his wife.

## III. Relief Requested

4.      The Trustee seeks an Order from this Court approving the Settlement. Federal Rule of Bankruptcy Procedure 9019 provides in relevant part that "[o]n motion . . . and after a hearing on notice to creditors; the debtor . . . and to such other entities as the Court may designate, the Court may approve a compromise or settlement."

---

[1] The Court and the parties are directed to the Stipulation for Settlement as to Personal Property Between Trustee and Debtor, which is attached to this Motion as **Exhibit A**.

[2] And his wife upon receipt of a reciprocal release.

5. Approval of a settlement in a bankruptcy proceeding is within the sole discretion of the Court and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *In re Arrow Air*, 85 BR 891 (Bankr. S.D. Fla. 1988).

6. The standards for approval are well settled and require the Court to inquire into the reasonableness of the proposed settlement. *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960). The inquiry need only determine whether the settlement falls below the lowest point of the range of reasonableness. *See W.T. Grant Co.*, 699 F.2d at 608; *see also In re Martin*, 91 F.3d 389 (3rd Cir. 1996); *In re Louise's Inc.*, 211 B.R. 798 (D. Del. 1997) (setting forth considerations by the Court for approval of a settlement, including: (i) the probability of success in litigation, (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors (collectively the *"Justice Oaks Factors"*).

### IV. The Settlement should be Approved

7. Based upon the above legal principles, the Trustee asserts that the Settlement falls well above the lowest point of the range of reasonableness, and thus, should be approved.

    a. *Probability of Success in Litigation*

8. The first Justice Oaks Factor, the probability of success in litigation, weighs heavily in favor of approval. In this case, the Trustee would have to prove that by virtue of the transfer, the funds lost their non-exempt character, which is a fact-based question on which it is unclear whether the Trustee could prevail.

9. The Trustee determined that there is great risk in litigating this issue. Additionally the Trustee acknowledges that there are risks inherent in all litigation, and there is the possibility that the Debtor could raise certain issues or defenses that potentially could impact the Trustee's claims. As such, the Trustee believes this factor weighs heavily in favor of approval.

    *b.    Collectability*

10. The second Justice Oaks Factor, collectability, is not an issue in the dispute.

    *c.    Complexity and Attendant Expense, Inconvenience and Delay*

11. The third Justice Oaks Factor, the complexity of the litigation and its expense, inconvenience, and delay, also weigh in favor of approval. As set forth above, the intent and character issues would involve highly fact-intensive discovery. This would be a great expense to the estate, especially considering the relatively small amount at issue.

12. In sum, although many of the claims outlined above are typical claims litigated before this Court, they still potentially require extensive fact discovery before a trial could take place. The result of these efforts may be fees of professionals that would exceed any recovery to creditors in the Debtor's bankruptcy case.

13. The Settlement eliminates these concerns. The parties avoid litigating fact specific claims, with the attendant expense and delay of litigation being nullified, resulting in a greater net benefit to the Estate. Thus, this factor weighs in favor of approval.

    *d.    Paramount Interest of Creditors*

14. The final factor, the paramount interests of creditors, weighs in favor of approval. The amount retained is a significant amount to be paid to creditors. The result gives certainty to the estate and avoids the risk, expense and delay attendant with litigation. It was this that led the

Trustee to determine that the Settlement was in the best interests of the estate. As such, the Settlement is in the paramount interest of the Debtor's creditors and should be approved.

  **WHEREFORE**, the Trustee respectfully requests that this Court enter an Order (similar in form to the Order attached as **Exhibit B**) (1) approving the Settlement; and (2) granting such other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on November 25, 2014, a true and correct copy of the foregoing was served via the Court's Notice of Electronic Filing upon Registered Users set forth on the attached list on **Exhibit 1** and via U.S. Mail upon the parties listed on the attached **Exhibit 2.**

           s/ Lawrence E. Pecan
           Lawrence E. Pecan, Esquire
           Florida Bar No. 990866
           lpecan@melandrussin.com
           MELAND RUSSIN & BUDWICK, P.A.
           3200 Southeast Financial Center
           200 South Biscayne Boulevard
           Miami, Florida  33131
           Telephone: (305) 358-6363
           Telecopy: (305) 358-1221
           *Attorneys for Trustee*

**STIPULATION FOR SETTLEMENT AS TO PERSONAL PROPERTY BETWEEN TRUSTEE AND DEBTOR**

This Settlement Stipulation (the *"Stipulation"*) is entered into this <u>24th</u> day of <u>November</u>, 2014 between Kenneth A. Welt, the Chapter 7 Trustee (the *"Trustee"*) for the bankruptcy estate of Eduardo R. Africano (the *"Debtor"*), and the Debtor, Eduardo R. Africano. Collectively, the Trustee and the Debtor are referred to herein as the *"Parties."*

**RECITALS**

WHEREAS, on September 30, 2014, the Debtor, Eduardo R. Africano (the *"Debtor"*) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code [ECF No. 1];

WHEREAS, Kenneth A. Welt was subsequently appointed Chapter 7 trustee for the Debtor's bankruptcy estate;

WHEREAS, The Debtor scheduled an interest in a Fidelity Investments Retirement Account (the *"IRA"*), which the Debtor claims as exempt;

WHEREAS, the Debtor claims that sometime after preparing his schedules, but before filing the petition, the Debtor took a distribution of the majority of the funds in the IRA, and placed them into two newly created accounts with Wells Fargo (the *"WF Accounts"*);

WHEREAS, upon filing the Petition, Wells Fargo froze the WF Accounts, and transferred its balance (approximately $62,000.00) to the Trustee;

WHEREAS, the Debtor argues that the proceeds of the WF Accounts retain their exempt character, while the Trustee argues that the amounts frozen are non-exempt property of the Estate;

WHEREAS, the Trustee and the Debtor desire to settle amicably and promptly based upon the terms set forth below in this Stipulation; and

1

EXHIBIT A

WHEREAS, the Trustee and the Debtor believes that the amicable and prompt settlement is in the Parties' best interest and will avoid substantial costs of litigation.

**NOW, THEREFORE**, in consideration of the promises and covenants contained herein, the Parties enter into the following Stipulation under the following terms and conditions:

## TERMS AND CONDITIONS

1. <u>Recitals</u>:  The above recitals are incorporated herein and made a part hereof and each of the Parties acknowledge that the recitals are true and correct to the Parties' knowledge, information, and belief, and each is a material inducement to enter into this Stipulation.

2. <u>Authority</u>:  The Parties each acknowledge they have the authority to execute this Stipulation and that this Stipulation shall be binding on each of the persons and entities executing this Stipulation.

3. <u>Bankruptcy Court Approval</u>: This Stipulation shall be subject to Bankruptcy Court approval.  The Trustee shall promptly file a motion with the Bankruptcy Court seeking approval of this Stipulation upon execution by the Parties.  The Bankruptcy Court shall retain jurisdiction to enforce the terms of this Stipulation. The date of the entry of an order approving the stipulation shall be referred to as the *"Effective Date."*

4. <u>Consideration</u>:  The Trustee shall retain $31,000.00 of the amounts frozen by Wells Fargo and shall return the balance to the Debtor within ten days of the entry of an order approving this Stipulation.

5. <u>Attorneys' Fees</u>: In the event either Party is required to enforce this Stipulation, the prevailing party shall be entitled to reasonable attorneys' fees and court costs.

6. <u>Release by Trustee</u>. Upon the occurrence of the Effective Date, the Trustee, on behalf of the Estate, shall remise, release, acquit, and forever discharge Debtor (including

2

Debtor's agents, attorneys, accountants, insurers, servants, employees, shareholders, members, and partners, and its respective heirs and personal representatives, all of the foregoing hereinafter collectively referred to as the ***"Debtor Releasees"***), of and from any and all manner of claims, actions, causes of action, suits, debts, sums of money, accounts, reckonings, contracts, controversies, agreements, promises, damages, and demands whatsoever, in law or in equity, which Trustee had or now has against any of the Debtor Releasees for, upon, or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date of this Stipulation, whether known or unknown, direct or indirect, vested or contingent.  The Trustee shall release and abandon any claim the Trustee may have to any non-exempt property owned by the Debtor, except that no provision in this Stipulation shall abandon or release any interest the estate has in any real or personal property which (i) has not been disclosed by the Debtor; (ii) is a cash receipt (other than the proceeds of the WF Account); or (iii) is a claim or cause of action against a party who is not a Debtor Releasee or Additional Releasee under this Stipulation.

7. <u>Release by Debtor Releasees</u>. Upon the occurrence of the Effective Date, the Debtor, on behalf of the Debtor Releasees, shall remise, release, acquit, and forever discharge Trustee (including Trustee's agents, attorneys, accountants, insurers, servants, employees, shareholders, members, and partners, and its respective heirs and personal representatives, all of the foregoing hereinafter collectively referred to as the ***"Trustee Releasees"***), of and from any and all manner of claims, actions, causes of action, suits, debts, sums of money, accounts, reckonings, contracts, controversies, agreements, promises, damages, and demands whatsoever, in law or in equity, which Debtor Releasees had or now has against any of the Trustee Releasees for, upon, or by reason of any matter, cause or thing whatsoever, from the beginning of the world

to the date of this Stipulation, whether known or unknown, direct or indirect, vested or contingent.

8.  Additional Releases: The Trustee agrees to execute reciprocal releases with the Debtor's spouse or children (collectively the *"Additional Releasees"*), if the Trustee receives (via email to LPecan@melandrussin.com) a fully executed release in the form attached as Exhibit I to this Stipulation NO LATER than 14 days after the Effective Date. If the Trustee does not receive a signed release by such time, the Trustee shall have no affirmative duty to release the Additional Releasees.

9.  Florida Law: This Stipulation shall be construed in accordance with and governed by the law of the State of Florida. The parties agree that venue shall be proper in the United States Bankruptcy Court of the Southern District of Florida.

10.  Modifications: This Stipulation, and any of the covenants, conditions and representations contained herein, may not be waived, changed, altered or modified except by an instrument in writing signed by the party against whom enforcement of such change is sought.

11.  Interpretation: The Parties hereto each acknowledge that each has contributed substantially and materially to the negotiation and preparation of this Stipulation, and this Stipulation shall not be construed more strictly against one party than against another merely by virtue of the fact that it may have been prepared by counsel to one of the Parties.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

12. <u>Counterparts</u>: This Stipulation may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement. A facsimile copy of this Agreement and any signatures thereon shall be considered for all purposes as originals.

**IN WITNESS THEREOF**, the Parties hereto have caused this Stipulation to be duly executed as of the day and year first written above.

By:_____   Date:_____
   Kenneth A. Welt, as Trustee for the
   estate of Eduardo R. Africano


By:_____   Date: 11/24/2014
   Eduardo R. Africano

12. **Counterparts**: This Stipulation may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement. A facsimile copy of this Agreement and any signatures thereon shall be considered for all purposes as originals.

**IN WITNESS THEREOF**, the Parties hereto have caused this Stipulation to be duly executed as of the day and year first written above.

By: _____    Date: 11/24/14
Kenneth A. Welt, as Trustee for the
estate of Eduardo R. Africano


By: _____    Date: _____
Eduardo R. Africano

**Reciprocal Release**

**This Release** is made and entered into as of this _____ day of _____, by and between Kenneth A. Welt, as Trustee (***"First Party"***) for the bankruptcy estate (the ***"Bankruptcy Estate"***) of Eduardo R. Africano in case no. 14-31858-RBR and _____ **(collectively *"Second Party"*)**.

This release is provided in connection with the Stipulation dated as of _____ 2014 (the ***"Stipulation"***).  This Release is inseverable from the Stipulation.

First Party and all those claiming by or through it, by or on behalf of its parent or subsidiary companies, affiliates, past and present officers, shareholders, members, directors, attorneys, employees, agents, partners (whether general or limited), successors, administrators, licensees, or assigns,  hereby remises, releases, acquits, satisfies, and forever discharges Second Party (including Second Party's agents, accountants and employees, and any and all of its present agents, attorneys, accountants, insurers, servants, employees, shareholders, members, and partners, and its respective heirs and personal representatives, all of the foregoing hereinafter collectively referred to as the ***"Second Party Releasees"***), of and from any and all manner of claims, actions, causes of action, suits, debts, sums of money, accounts, reckonings, contracts, controversies, agreements, promises, damages, and demands whatsoever, in law or in equity, which First Party had or now has against any of the Second Party Releasees for, upon, or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date of this Release, whether known or unknown, direct or indirect, vested or contingent.  No provision in this Release shall abandon or release any interest the Bankruptcy Estate has in any real or personal property, except as specifically set forth in the Stipulation, and shall not release any cause of action the Bankruptcy Estate may have against any party not released under this Release.

Second Party and all those claiming by or through it, by or on behalf of its parent or subsidiary companies, affiliates, past and present officers, shareholders, members, directors, attorneys, employees, agents, partners (whether general or limited), successors, administrators, licensees, or assigns, hereby remises, releases, acquits, satisfies, and forever discharges First Party (including First Party's agents, accountants and employees, and any and all of its present agents, attorneys, accountants, insurers, servants, employees, shareholders, members, and partners, and its respective heirs and personal representatives, all of the foregoing hereinafter collectively referred to as the ***"First Party Releasees"***), of and from any and all manner of claims, actions, causes of action, suits, debts, sums of money, accounts, reckonings, contracts, controversies, agreements, promises, damages, and demands whatsoever, in law or in equity, which Second Party had or now has against any of the First Party Releasees for, upon, or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date of this Release, whether known or unknown, direct or indirect, vested or contingent.

By:_____         Date:_____
    Kenneth A. Welt, as Trustee for the estate
    of Eduardo R. Africano



By:_____         Date:_____

Exhibit I to Stipulation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                     Case No. 14-31858-RBR
                                                                           Chapter 7
EDUARDO R. AFRICANO,

       Debtor.
_____/

### ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT WITH DEBTOR AND RELATED PARTIES

**THIS CAUSE** came before the Court upon the *Trustee's Motion for Approval of Settlement with Debtor and Related Parties* (the "**Motion**") filed by Kenneth A. Welt, in his capacity as the duly appointed Chapter 7 Trustee for the bankruptcy estate of Eduardo R. Africano[3]. The Court, having reviewed the Motion and noting that a Certificate of No Response and Request for Entry of Order has been filed, finds that the notice of the proposed compromise

---

[3]    All capitalized terms not defined in this Order shall have the meaning ascribed to such term as set forth in the Motion.

EXHIBIT B

and settlement is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D) and any other applicable notice requirement, and accordingly, it is:

**ORDERED** as follows:

1.    The Motion is **GRANTED** and the terms of the Settlement Agreement, as described in the Motion are **APPROVED** and incorporated herein in their entirety.

2.    Each party shall bear their own attorneys' fees and costs relating to the Settlement.

3.    In approving the Settlement, the Court considered (i) the probability of success in litigation, (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors.

4.    The Court retains jurisdiction to enforce the terms of the Settlement.

###

**Submitted By:**
Lawrence E. Pecan, Esq.
Fla. Bar. No. 99086
LPecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Barry E. Mukamal, Trustee*

**Copies Furnished To:**
Lawrence E. Pecan, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case and who therefore will be served via the Court's Notice of Electronic Filing:

- Jonathan H. Kline     jonathan.kline@jklawfl.com, smtaylor@jklawfl.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
- Christian J. Olson     ecf@nowackolson.com, mjnmyecfmail@gmail.com;tabitha@nowackolson.com
- Lawrence E Pecan     lpecan@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Kenneth A Welt     fl10@ecfcbis.com; pacerfilings@gmail.com; kaw@trustesolutions.net;
- court@trusteeservices.biz

**Exhibit 1**

| | | |
|---|---|---|
| Mercedes-Benz Financial Services USA LLC<br>c/o BK Servicing, LLC<br>PO Box 131265<br>Roseville, MN 55113-0011 | Amex<br>P.O. Box 650448<br>Dallas, TX 75265-0448 | Amex<br>P.o. Box 297871<br>Fort Lauderdale, FL 33329-7871 |
| Bank of America<br>9000 Southside Blvd. Bldg.<br>Jacksonville, FL 32256-6705 | BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Barclays Bank Delaware<br>125 S. West St.<br>Wilmington, DE 19801-5014 |
| BMW FINANCIAL SERVICES<br>CUSTOMER SERVICE CENTER<br>PO BOX 3608<br>DUBLIN OH 43016-0306 | Cap One<br>P.O. Box 5253<br>Carol Stream, IL 60197-5253 | CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 |
| Chase<br>P.O. Box 15298<br>Wilmington, DE 19850-5298 | Citi<br>P.O. Box 6241<br>Sioux Falls, SD 57117-6241 | CitiBank<br>P.O. Box 183173<br>Columbus, OH 43218-3173 |
| Citicards<br>P.O. Box 6241<br>Sioux Falls, SD 57117-6241 | Conns Credit Corp<br>3295 College St.<br>Beaumont, TX 77701-4611 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 |
| Discover Fin Svcs LLC<br>P.O. Box 15316<br>Wilmington, DE 19850-5316 | Everhome Mortgage Co<br>301 W. Bay St.<br>Jacksonville, FL 32202-5121 | BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 |
| Flagstar Bank<br>5151 Corporate Dr.<br>Troy, MI 48098-2639 | Gdyr/Cbna<br>P.O. Box 6497<br>Sioux Falls, SD 57117-6497 | Jared-Galleria Of Jwlr<br>375 Ghent Rd.<br>Fairlawn, OH 44333-4601 |
| Lending Club Corp<br>71 Stevenson St. Suite 300<br>San Francisco, CA 94105-2985 | Mb Fin Svcs<br>36455 Corporate Dr.<br>Farmington Hills, MI 48331-3552 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 |
| Savanna Maintenance Assoc.<br>c/o Castle Management<br>P.O. Box 559009<br>Fort Lauderdale, FL 33355-9009 | Southwest Credit<br>4120 International Pkwy<br>Suite 1100<br>Carrollton, TX 75007-1958 | SPRINGLEAF FINANCIAL SERVICES<br>P O BOX 3251<br>EVANSVILLE IN 47731-3251 |
| Sunrise Credit Services, Inc.<br>c/o FIA Card Services<br>P.O. Box 9100<br>Farmingdale, NY 11735-9100 | Syncb/Finger Furn<br>P.O. Box 965005<br>Orlando, FL 32896-5005 | Syncb/Jcp<br>P.O. Box 965007<br>Orlando, FL 32896-5007 |

EXHIBIT 2

Target Nb
P.O. Box 673
Minneapolis, MN 55440-0673

United Recovery Systems
5800 N Course Drive
Houston, TX 77072-1613

Verison Wireless
455 Duke Drive
Franklin, TN 37067-2701

Wells Fargo Bank Nv Na
P.O. Box 31557
Billings, MT 59107-1557

WELLS FARGO BANK NA
WELLS FARGO HOME
MORTGAGE AMERICAS
SERVICING
ATTN BANKRUPTCY DEPT MAC

X7801-014
3476 STATEVIEW BLVD
FORT MILL SC 29715-7203

Zale/Cbna
P.O. Box 6497
Sioux Falls, SD 57117-6497

Christian J. Olson Esq.
8551 Sunrise Blvd.
Suite 208
Plantation, FL 33322-4007

Eduardo R. Africano
1175 Peregrine Way
Weston, FL 33327-2373

Jonathan H Kline
2761 Executive Park Drive
Weston, FL 33331-3600

Kenneth A Welt
1776 Pine Island Rd #101
Plantation, FL 33322-5200