

**ORDERED in the Southern District of Florida on December 22, 2014.**

*Raymond B. Ray, Judge*
*United States Bankruptcy Court*

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                              Case No. 14-31858-RBR
                                                    Chapter 7
EDUARDO R. AFICANO,

        Debtor.
_____/

# AMENDED
## ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT WITH DEBTOR AND RELATED PARTIES

**THIS CAUSE** came before the Court upon the *Trustee's Motion for Approval of Settlement with Debtor and Related Parties* [ECF No. 28] (the "***Motion***") filed by Kenneth A. Welt, in his capacity as the duly appointed Chapter 7 Trustee for the bankruptcy estate of Eduardo R. Africano[1]. The Court, having reviewed the Motion and noting that a Certificate of No Response and Request for Entry of Order has been filed, finds that the notice of the proposed

___
[1] All capitalized terms not defined in this Order shall have the meaning ascribed to such term as set forth in the Motion.

{Firm Clients/5527/5527-1/01547374.DOCX.}

compromise and settlement is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D) and any other applicable notice requirement, and accordingly, it is:

**ORDERED** as follows:

1. The Motion is **GRANTED** and the terms of the Settlement Agreement, as described in the Motion are **APPROVED** and incorporated herein in their entirety.

2. The parties are authorized and directed to take all actions contemplated in the Settlement Agreement.

3. Specifically, as required in the Settlement Agreement, the Trustee shall retain $31,000.00 of the amounts frozen by Wells Fargo, and shall issue a check to the Debtor for $31,525.61.

4. Each party shall bear their own attorneys' fees and costs relating to the Settlement.

5. In approving the Settlement, the Court considered (i) the probability of success in litigation, (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors.

6. The Court retains jurisdiction to enforce the terms of the Settlement.

###

**Submitted By:**
Lawrence E. Pecan, Esq.
Fla. Bar. No. 99086
LPecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Barry E. Mukamal, Trustee*

**Copies Furnished To:**
Lawrence E. Pecan, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.