UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                Case No. 14-31858-RBR
                                                                      Chapter 7

EDUARDO R. AFRICANO,

    Debtor.
_____/

**CHAPTER 7 TRUSTEE'S OBJECTION TO
CLAIM NO. 1-1 FILED BY LENDING CLUB CORP**

IMPORTANT NOTICE TO CREDITOR:
THIS IS AN OBJECTION TO YOUR CLAIM

    **This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.**

    **If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve a copy to the undersigned attorney OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.**

    **If your entire claim is objected to and this is a chapter 11 case, you will <u>not</u> have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.**

    **The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court.**

Pursuant to Federal Rule of Bankruptcy Procedure 3007 and Local Rule 3007-1, Kenneth A. Welt, Chapter 7 Trustee ("*Trustee*"), objects to the following claim:

| Claim No. | Name of Claimant | Amount of Claim | Basis for Objection and Recommended Disposition |
|---|---|---|---|
| 1-1 | Lending Club Corp<br>Attn: Renaud Laplanche, CEO<br>71 Stevenson St. Suite 300<br>San Francisco, CA 94105 | $25,283.72 | The Trustee objects to Claim No. 1-1 inasmuch as claimant has filed a proof of claim which appears to be based upon a written promissory note. The promissory note is not attached to the claim, and thus, the Trustee cannot evaluate the validity of the claim. Pursuant to Fed. R. Bankr.P. 3001(c)(1), a copy of the promissory note is required to be attached to the proof of claim. Trustee has contacted creditor in an attempt to obtain such information, but has received no response. Because the trustee cannot evaluate the validity of the claim, the trustee recommends the claim be disallowed and stricken. |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 27, 2015, a true copy of the foregoing was served via the Court's Notice of Electronic Filing upon the Registered Users set forth on the attached **Exhibit 1** and via U.S. Mail on the Claimant listed above.

s/ Lawrence E. Pecan, III
Lawrence E. Pecan, III, Esquire
Florida Bar No. 99086
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for the Trustee, Kenneth A. Welt*

## EXHIBIT 1

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

Jonathan H. Kline    jonathan.kline@jklawfl.com, smtaylor@jklawfl.com
Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
Christian J. Olson    ecf@nowackolson.com, mjnmyecfmail@gmail.com;tabitha@nowackolson.com
Lawrence E Pecan    lpecan@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
Kenneth A Welt    fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net; court@trusteeservices.biz