UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                 Case No. 14-31858-RBR
                                                                           Chapter 7
EDUARDO R. AFRICANO,

       Debtor.
_____/

**TRUSTEE'S MOTION FOR
APPROVAL OF SETTLEMENT WITH WELLS FARGO BANK, N.A.**

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be cancelled.**

Kenneth A. Welt, the Chapter 7 Trustee (the *"Trustee"*) for the bankruptcy estate of Eduardo R. Africano (the *"Debtor"*), by and through undersigned counsel, and pursuant to *Fed. R. Bankr. P. 9019*, seeks an Order from this Court approving a settlement of certain disputes between the Trustee and Wells Fargo Bank, N.A. ("*WF*"). In support of this relief, the Trustee states the following:

### I. Background

A. *The Debtor*

1. On September 30, 2014, the Debtor, Eduardo R. Africano (the *"Debtor"*) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Subsequently, Kenneth A. Welt was appointed as the Chapter 7 Trustee.

B. *Transfers Made to WF*

2. The Debtor made pre-petition and post- petition payments to WF totaling

$10,066.20 (the "*Transfers*") as payment on the WF account number ending 6842.

3. The Trustee asserts that the value of the Transfers are avoidable and recoverable pursuant to Chapter 5 of the Bankruptcy Code, federal or state law and should be turned over to the Trustee for the benefit of creditors ("*Potential Litigation*").

4. WF may assert all defenses available under bankruptcy, federal or state law in any Potential Litigation. WF has asserted that it is oversecured as to the prepetition payments and thus the transfers are unavoidable. Additionally, WF has asserted the avoidance of the postpetition payments entitle it to charge the payments back to the Debtor, which may be impermissible under the Trustee's settlement agreement with the Debtor.

5. The Trustee, through counsel, has engaged in a dialogue with WF, culminating in the settlement agreement discussed below. It is the Trustee's view that he should seek to resolve all pending (or impending) litigation whenever possible provided that any settlement must be within the range of reasonableness based on the facts and circumstances of each matter. As such, the Trustee and WF have agreed to resolve this matter for $1,500.00.

## II. Settlement Terms

6. Per the terms of the agreement, the Trustee has reached a settlement (the "*Settlement*") with WF. Pursuant to the Settlement, WF shall pay (or cause to be paid) one lump sum payment of $1,500.00 ("*Settlement Payment*") in cleared funds to the Trustee within fourteen calendar days from the date of entry of the order approving the Settlement.

7. WF shall not assess the underlying mortgage the sum of the Settlement Payment.

8. Effective upon the receipt of the Settlement Payment, the Trustee on the one hand and WF on the other shall be deemed to mutually release each other.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

### III. Relief Requested

9. The Trustee seeks an Order from this Court approving the Settlement. Federal Rule of Bankruptcy Procedure 9019 provides in relevant part that "[o]n motion . . . and after a hearing on notice to creditors; the debtor . . . and to such other entities as the Court may designate, the Court may approve a compromise or settlement."

10. Approval of a settlement in a bankruptcy proceeding is within the sole discretion of the Court and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *In re Arrow Air*, 85 BR 891 (Bankr. S.D. Fla. 1988).

11. The standards for approval are well settled and require the Court to inquire into the reasonableness of the proposed settlement. *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960). The inquiry need only determine whether the settlement falls below the lowest point of the range of reasonableness. *See W.T. Grant Co.*, 699 F.2d at 608; *see also In re Martin*, 91 F.3d 389 (3rd Cir. 1996); *In re Louise's Inc.*, 211 B.R. 798 (D. Del. 1997) (setting forth considerations by the Court for approval of a settlement, including: (i) the probability of success in litigation, (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors (collectively the ***"Justice Oaks Factors"***).

### IV. The Settlement should be Approved

12. Based upon the above legal principles, the Trustee asserts that the Settlement falls well above the lowest point of the range of reasonableness, and thus, should be approved.

      *a.*     *Probability of Success in Litigation*

13. The first Justice Oaks Factor, the probability of success in litigation, weighs heavily in favor of approval. In this case, the Trustee believes that he will likely succeed in his current efforts to collect on the Transfers. However, the Trustee acknowledges that there are risks inherent in all litigation, and there is the possibility that WF could raise certain issues or defenses that potentially could impact the Trustee's claims, including the defenses outlined above. As such, the Trustee believes this factor weighs heavily in favor of approval.

      *b.*     *Collectability*

14. The second Justice Oaks Factor, collectability, is not an issue in the dispute.

      *c.*     *Complexity and Attendant Expense, Inconvenience and Delay*

15. The third Justice Oaks Factor, the complexity of the litigation and its expense, inconvenience, and delay, also weigh in favor of approval. As set forth above, the issues could involve highly fact-intensive discovery. This would be a great expense to the estate, especially considering the relatively small amount at issue.

16. In sum, although many of the claims outlined above are typical claims litigated before this Court, they still potentially require extensive fact discovery before a trial could take place. The result of these efforts may be fees of professionals that would exceed any recovery to creditors in the Debtor's bankruptcy case.

17. The Settlement eliminates these concerns. The parties avoid litigating fact specific claims, with the attendant expense and delay of litigation being nullified, resulting in a greater net benefit to the Estate. Thus, this factor weighs in favor of approval.

### d. Paramount Interest of Creditors

18. The final factor, the paramount interests of creditors, weighs in favor of approval. The amount retained is a significant amount to be paid to creditors. The result gives certainty to the estate and avoids the risk, expense and delay attendant with litigation. It was this that led the Trustee to determine that the Settlement was in the best interests of the estate. As such, the Settlement is in the paramount interest of the Debtor's creditors and should be approved.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order (similar in form to the Order attached as **Exhibit A**) (1) approving the Settlement; and (2) granting such other relief this Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 3, 2015, a true and correct copy of the foregoing was served via the Court's Notice of Electronic Filing upon Registered Users set forth on the attached list on **Exhibit 1** and via U.S. Mail upon the Court's Mailing Matrix listed on the attached **Exhibit 2.**

> s/ Lawrence E. Pecan
> Lawrence E. Pecan, Esquire
> Florida Bar No. 990866
> lpecan@melandrussin.com
> MELAND RUSSIN & BUDWICK, P.A.
> 3200 Southeast Financial Center
> 200 South Biscayne Boulevard
> Miami, Florida  33131
> Telephone: (305) 358-6363
> Telecopy: (305) 358-1221
> *Attorneys for Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 14-31858-RBR
                                                          Chapter 7
EDUARDO R. AFRICANO,

         Debtor.
_____/

### ORDER GRANTING TRUSTEE'S MOTION
### FOR APPROVAL OF SETTLEMENT WITH WELLS FARGO BANK, N.A.

**THIS CAUSE** came before the Court upon the *Trustee's Motion for Approval of Settlement with Wells Fargo Bank, N.A.* (the "***Motion***") filed by Kenneth A. Welt, in his capacity as the duly appointed Chapter 7 Trustee for the bankruptcy estate of Eduardo R. Africano[1]. The Court, having reviewed the Motion and noting that a Certificate of No Response and Request for Entry of Order has been filed, finds that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D) and any other applicable notice requirement, and accordingly, it is:

---

[1] All capitalized terms not defined in this Order shall have the meaning ascribed to such term as set forth in the Motion.

EXHIBIT A

**ORDERED** as follows:

1. The Motion is **GRANTED** and the terms of the Settlement as described in the Motion are **APPROVED** and incorporated herein in their entirety.

2. Each party shall bear their own attorneys' fees and costs relating to the Settlement.

3. WF shall pay (or cause to be paid) one lump sum payment of $1,500.00 ("*Settlement Payment*") in cleared funds to the Trustee within fourteen calendar days from the date of entry of the order approving the Settlement.

4. WF shall not assess the underlying mortgage the sum of the Settlement Payment.

5. Effective upon the receipt of the Settlement Payment, the Trustee on the one hand and WF on the other shall be deemed to mutually release each other from any and all claims of any kind. There shall be no admission of liability, and the Settlement Payment shall not be deemed an avoided transfer pursuant to law or any contract. WF shall accordingly have no claim under 11 U.S.C. § 502(h).

6. In approving the Settlement, the Court considered (i) the probability of success in litigation, (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

7. The Court retains jurisdiction to enforce the terms of the Settlement.

###

**Submitted By:**
Lawrence E. Pecan, Esq.
Fla. Bar. No. 99086
LPecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Barry E. Mukamal, Trustee*

**Copies Furnished To:**
Lawrence E. Pecan, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Jonathan H. Kline    jonathan.kline@jklawfl.com, smtaylor@jklawfl.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Christian J. Olson    ecf@nowackolson.com, mjnmyecfmail@gmail.com;tabitha@nowackolson.com
- Lawrence E Pecan    lpecan@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Kenneth A Welt    fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

**Exhibit 1**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-0<br>Case 14-31858-RBR<br>Southern District of Florida<br>Fort Lauderdale<br>Wed Jun  3 12:17:25 EDT 2015 | Mercedes-Benz Financial Services USA LLC<br>c/o BK Servicing, LLC<br>PO Box 131265<br>Roseville, MN 55113-0011 | AT&T Mobility II LLC<br>%AT&T SERVICES INC.<br>KAREN A. CAVAGNARO  PARALEGAL<br>ONE AT&T WAY, SUITE 3A104<br>BEDMINSTER, NJ 07921-2693 |
| American Express Bank FSB<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern  PA 19355-0701 | American Express Centurion Bank<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern  PA 19355-0701 | American InfoSource LP as agent for<br>Verizon<br>PO Box 248838<br>Oklahoma City, OK  73124-8838 |
| Amex<br>P.O. Box 650448<br>Dallas, TX 75265-0448 | Amex<br>P.o. Box 297871<br>Fort Lauderdale, FL 33329-7871 | Bank of America<br>9000 Southside Blvd. Bldg.<br>Jacksonville, FL 32256-6705 |
| (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Bank of America, N.A.<br>P O Box 982284<br>El Paso, TX 79998-2284 | Barclays Bank Delaware<br>125 S. West St.<br>Wilmington, DE 19801-5014 |
| (p)BMW FINANCIAL SERVICES<br>CUSTOMER SERVICE CENTER<br>PO BOX 3608<br>DUBLIN OH 43016-0306 | Cap One<br>P.O. Box 19360<br>Portland, OR 97280-0360 | Cap One<br>P.O. Box 5253<br>Carol Stream, IL 60197-5253 |
| (p)CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | Cap1/Saks<br>140 W Industrial Dr.<br>Elmhurst, IL 60126-1602 | Chase<br>P.O. Box 15298<br>Wilmington, DE 19850-5298 |
| Citi<br>P.O. Box 6241<br>Sioux Falls, SD 57117-6241 | CitiBank<br>P.O. Box 183173<br>Columbus, OH 43218-3173 | Citicards<br>P.O. Box 6241<br>Sioux Falls, SD 57117-6241 |
| Conns Credit Corp<br>3295 College St.<br>Beaumont, TX 77701-4611 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH  43054-3025 | Discover Fin Svcs LLC<br>P.O. Box 15316<br>Wilmington, DE 19850-5316 |
| Everhome Mortgage Co<br>301 W. Bay St.<br>Jacksonville, FL 32202-5184 | Flagstar Bank<br>5151 Corporate Dr.<br>Troy, MI 48098-2639 | Gdyr/Cbna<br>P.O. Box 6497<br>Sioux Falls, SD 57117-6497 |
| Hsbc Auto<br>6602 Convoy Ct.<br>San Diego, CA 92111-1009 | Jared-Galleria Of Jwlr<br>375 Ghent Rd.<br>Fairlawn, OH 44333-4601 | Lending Club Corp<br>71 Stevenson St. Suite 300<br>San Francisco, CA 94105-2985 |

EXHIBIT 2

| | | |
|---|---|---|
| Mb Fin Svcs<br>36455 Corporate Dr.<br>Farmington Hills, MI 48331-3552 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | PYOD, LLC its successors and assigns as assi<br>of Citibank, N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602-9008 |
| Savanna Maintenance Assoc.<br>c/o Castle Management<br>P.O. Box 559009<br>Fort Lauderdale, FL 33355-9009 | Southwest Credit<br>4120 International Pkwy<br>Suite 1100<br>Carrollton, TX 75007-1958 | (p)SPRINGLEAF FINANCIAL SERVICES<br>P O BOX 3251<br>EVANSVILLE IN 47731-3251 |
| Sunrise Credit Services, Inc.<br>c/o FIA Card Services<br>P.O. Box 9100<br>Farmingdale, NY 11735-9100 | Syncb/City Furniture<br>P.O. Box 981439<br>El Paso, TX 79998-1439 | Syncb/Finger Furn<br>P.O. Box 965005<br>Orlando, FL 32896-5005 |
| Syncb/Jcp<br>P.O. Box 965007<br>Orlando, FL 32896-5007 | Target Nb<br>P.O. Box 673<br>Minneapolis, MN 55440-0673 | United Recovery Systems<br>5800 N Course Drive<br>Houston, TX 77072-1613 |
| Verison Wireless<br>455 Duke Drive<br>Franklin, TN 37067-2701 | Wells Fargo Bank Nv Na<br>P.O. Box 31557<br>Billings, MT 59107-1557 | (p)WELLS FARGO BANK NA<br>WELLS FARGO HOME MORTGAGE AMERICAS SERVICING<br>ATTN BANKRUPTCY DEPT MAC X7801-014<br>3476 STATEVIEW BLVD<br>FORT MILL SC 29715-7203 |
| Zale/Cbna<br>P.O. Box 6497<br>Sioux Falls, SD 57117-6497 | Christian J. Olson Esq.<br>8551 Sunrise Blvd.<br>Suite 208<br>Plantation, FL 33322-4007 | Eduardo R. Africano<br>1175 Peregrine Way<br>Weston, FL 33327-2373 |
| Jonathan H Kline<br>2761 Executive Park Drive<br>Weston, FL 33331-3600 | Kenneth A Welt<br>1776 Pine Island Rd #101<br>Plantation, FL 33322-5200 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Bank of America<br>P.O. Box 982235<br>El Paso, TX 79998 | Bmw Financial Services<br>5515 Parkcenter Cir.<br>Dublin, OH 43017 | Cap One<br>P.O. Box 85520<br>Richmond, VA 23285 |
| (d)Fia Csna<br>P.O. Box 982235<br>El Paso, TX 79998 | Springleaf Financial S<br>600 N Royal Ave.<br>Evansville, IN 47715 | Wells Fargo Hm Mortgag<br>8480 Stagecoach Circle<br>Frederick, MD 21701 |